# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § § vs. § § § LINDSAY MASON (2) § § § | CASE NO. 6:13-CR-16-JRG |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

The Government moved to revoke Defendant Lindsay Mason's supervised release based on violations of her supervised release conditions. Defendant waived her right to a revocation hearing and pleaded "true" to Allegation 4 in the petition. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to 18 months of imprisonment with no further supervised release.

*Background*

After pleading guilty to the offense of Possession with Intent to Deliver Methamphetamine, a Class B felony, Defendant was sentenced on January 22, 2014, by the Honorable Michael H. Schneider, United States District Judge, to 50 months of imprisonment, pursuant to a 5K1.1 government motion based on the defendant's substantial assistance, to be followed by 4 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, and a $100 special assessment. The offense carried a statutory maximum imprisonment term of 40 years and the guideline imprisonment range, based on a total offense level of 25 and a criminal history category of V, was

1

100 to 125 months. Defendant completed her term of imprisonment and began serving her term of supervised release on February 22, 2016. Jurisdiction of the case was transferred to the Middle District of Tennessee on April 21, 2016, and was then transferred back to the Eastern District of Texas on December 1, 2016. The case was reassigned to Chief Judge Rodney Gilstrap on March 29, 2018. Defendant's conditions were modified on July 31, 2018 to include mental health treatment.

*Allegations*

In the Petition for Warrant or Summons for Offender Under Supervision filed on October 26, 2018, United States Probation Officer Ben Sanders alleges that Defendant violated the following conditions of release:

**Allegation 1** (mandatory condition): The defendant shall not commit another federal, state, or local crime. It is alleged that on October 9, 2018, Defendant reportedly committed the offense of Burglary of a Habitation, a second degree felony, in Gregg County, Texas.

**Allegation 2** (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. It is alleged that Defendant admitted verbally and in writing to consuming alcohol to excess on October 9, 2018.

**Allegation 3** (standard condition 9): The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer. It is alleged that on October 9, 2018, Defendant associated with Amanda Shaylene Trimble and Mariah Michelle Simmons who were engaged in criminal activity and convicted felons.

2

**Allegation 4** (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. It is alleged that Defendant submitted urine specimens that tested positive for methamphetamine on January 26, and April 18, 2018.

**Allegation 5** (standard condition 3): The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. It is alleged that Defendant was instructed to report to the U.S. Probation Office on March 13, 2018, to provide a urine specimen. Defendant did report, but did not provide a urine specimen before the office closed for the day.

**Allegation 6** (special condition): The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. It is alleged that Defendant failed to report for drug testing through the random drug testing program on March 12, March 16, and March 21, 2018.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the maximum sentence the Court may impose is 3 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Burglary of a Habitation or possessing methamphetamine as alleged in the petition, she is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was V. The Guidelines, therefore, provide that Defendant's guideline range for a Grade B violation is 18 to 24 months of imprisonment. The remaining allegations in the petition are Grade C violations. U.S.S.G. § 7B1.1(a). The Guidelines provide that Defendant's guideline range for a Grade C violation is 7 to 13 months of imprisonment. U.S.S.G. § 7B1.4(a). The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

*Hearing*

On November 27, 2018, Defendant appeared for a final revocation hearing. Assistant United States Attorney Allen Hurst announced that an agreement was reached with Defendant and Defendant's counsel, Assistant Federal Defender Wayne Dickey, for Defendant to enter a plea of true to Allegation 4 in the petition and to jointly request a sentence of 18 months with no further supervised release. After the Court explained to Defendant her right to a revocation hearing, she waived her right to a revocation hearing and entered a plea of "true" to Allegation 4 in the petition. Defendant requested a recommendation to the Bureau of Prisons to confine her at FCI Carswell to facilitate family visitation.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Findings and Conclusions*

I find that Defendant is competent and that her plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 4 in the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that she should be sentenced to 18 months of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 4 in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 18 months of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of her right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for her to be sentenced to 18 months of

imprisonment with no further supervised release with a recommendation to the Bureau of Prisons to designate Defendant to FCI Carswell.

So ORDERED and SIGNED this 27th day of November, 2018.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE